UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14050-CIV-GRAHAM
MAGISTRATE JUDGE P. A. WHITE

DARYL UNDERWOOD,          :

    Plaintiff,        :

v.                        :          REPORT OF
                                 MAGISTRATE JUDGE
MARTIN COUNTY SHERIFF'S   :
OFFICE, et al.,
                             :

    Defendants.

---

    This Cause came before the Court upon review of the record; a Notice (DE# 36) filed by defendants Keating and Sansone concerning plaintiff's failure to file a Response in Opposition to their pending summary judgment motion [DE# 32]; and upon a February 19, 2008 letter/motion by the plaintiff (DE# 37) which was docketed by the Clerk on February 26, 2008.

    Plaintiff has alleged that on December 20, 2006, while he was confined at the Martin County Jail, the defendants used excessive force against him. The force used allegedly included grabbing his arms, hitting him in the head and neck area, over tightening handcuffs, and application of a chemical [OC pepper spray]. In their motion for summary judgment the defendants argue that the force used by them under the circumstances was necessary and not excessive, as it was in response to resistence and violence by Underwood. The defendants argue that as a result of his conduct during the incident in question the State of Florida charged Underwood with Battery on a Law Enforcement officer [for intentionally touching or striking Keating against his will, and causing him bodily injury] and charged him with Resisting with Violence [for knowingly and wilfully resisting, obstructing and/or opposing Keating and Sansone by offering to do them violence or doing violence to them]. The defendants' exhibits establish that Underwood was tried to a jury, and was convicted of Battery on a LEO, and Resisting with Violence in Martin County criminal case 06CF1870A. The defendants argue that in this case, if a judgment were entered against them on Underwood's §1983 excessive force

claims it would necessarily call into question the validity of Underwood's state criminal convictions for battery and resisting with violence which arose out of the same set of events, and they contend that Underwood's excessive force claims against them are therefore barred under the doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).[1]  The defendants argue, in the alternative, that even if the Court were to find that Underwood's §1983 claims are not barred under <u>Heck</u>, they (Keating and Sansone) are nonetheless entitled to judgment in their favor based on qualified immunity.

Underwood's initial complaint (DE# 1) and a supplement/amendment thereto (DE# 4) were filed in March 2007 from the Martin County Jail. After completion of his state criminal proceedings and his sentencing in Case 06CF1870A and in an earlier Martin County criminal case [No. 05-01918] Underwood was transferred to the Florida DOC in August 2007 and confined at Washington C.I.[2]

---

[1] In <u>Heck</u>, the Supreme Court explained:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages hearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87.

[2]     Public records pertaining to Underwood which are maintained and published by the Florida DOC on its *Corrections Offender Network* under "*Inmate Population Information Detail,*" on the Internet at www.dc.state.fl.us, indicate that he was sentenced on 4/17/07 in Martin County criminal case 05-01918 for offenses committed on 12/15/05 [Grand Theft of an Auto] and committed on 12/20/05 [Fleeing from a Law Enforcement Officer ("LEO"), and Aggravated Assault on a LEO]; and was sentenced on 8/17/07 in Martin County criminal Case No. 06-01870 for offenses committed on 12/20/06 [Battery on a LEO; and Resisting an Officer With Violence]. Under the heading "Incarceration History," the Florida DOC website further indicates that Underwood's "Date In-Custody" at the Florida DOC was 08/24/2007.

Defendants moved for a Stay of proceedings while Underwood's trial on state criminal charges was still pending (7/27/07 Motion, DE# 27). A Report (DE# 29) was entered recommending that the requested stay was appropriate, since it appeared that adjudication on the §1983 claims could significantly interfere with the pending state criminal proceedings, the plaintiff's claim of officer violence could be barred under <u>Heck</u> if he were convicted of battery on a LEO and/or resisting with violence; and even if a Martin County conviction would not bar his claims under <u>Heck</u>, the outcome of his criminal case would still be relevant to the §1983 suit.

Later, after completion of plaintiff's state criminal trial, the defendants filed a December 4, 2007 Motion for Relief from Stay (DE# 30), upon which a separate Report was entered on December 6, 2007 (DE# 31). On January 29, 2008, the Honorable Donald L. Graham, United States District Judge, entered an Order (DE# 35) ruling that the second Report DE# 31 rendered the first Report DE# 29 moot, and ruling, based on the recommendation of the latter Report DE# 31, that defendants' Motion for Relief from Stay (DE# 30) was granted.

Underwood's copy of the December 2007 motion was mailed by counsel to Underwood at Washington C.I., where he was then and still is confined as a state prisoner. An Order of Instructions was sent to Underwood on December 12, 2007 (DE# 33) to inform him of his right to respond in opposition to the defendants' motion on or before January 11, 2008. However, when review of the record revealed that Underwood had not responded to the motion for summary judgment, an inquiry was undertaken, and a "Second Order Instructing Pro Se Plaintiff Concerning Response to Motion for Summary Judgment" was entered on January 25, 2008 (DE# 34). This Second Order noted that the first Order had apparently been mailed by the Clerk's Office to what was still plaintiff's address of record on the CM/ECF Docket (i.e., the MCJ). [The written Order DE# 33 itself reflected his address as the DOC at Washington C.I.] The plaintiff's address on the CM/ECF docket was changed to Washington C.I. ("WCI"), and the Second Order (DE# 34, entered 1/25/08) was docketed/mailed by the Clerk on 1/28/07 to Underwood at WCI. It

3

instructed Underwood that if it was his intent to respond in opposition to the defendants' motion for summary judgment (DE# 32) he must do so on or before February 19, 2008; and the Order cautioned that no further extensions of time would be granted.

The extended Court-ordered deadline of February 19, 2008, for plaintiff to oppose the defendants' motion for summary judgment, has passed. The plaintiff neither responded on his own after the mailing of the defendants' motion for summary judgment to him at WCI in December 2007, nor did he file a substantive response in pursuant to the Court's January 25, 2008 Order of Instructions.

Instead, plaintiff waited until February 19, 2008, the last day for submitting a response to defendants' motion, and on that date handed the aforementioned Letter/Motion (DE# 37) to prison officials for mailing. The Letter/Motion was filed with the Clerk on February 25 and docketed on February 26, 2008.

On May 22, 2007 a Scheduling Order was entered which granted the defendants and plaintiff in excess of three months [until 9/7/07] in which to conduct discovery. The plaintiff now asks the court to stay the proceedings in this case for an indefinite period, so that he can "finish compiling the facts and evidence and any case laws [sic] that the plaintiff needs to put in the proper format to support his claims." Plaintiff states that he is not represented, and is allowed only a limited amount of time in the law library. The Court is not unaware that the plaintiff is incarcerated and is proceeding *pro se*. This, however, is a private civil rights suit for damages which the plaintiff chose to file without assistance of counsel. In light of the plaintiff's status as a *pro se* litigant who is unschooled in the law, the Court entered an Order of Instructions (DE# 6) at the outset of the case, providing him with appropriate instructions, and guidance; and in regard to the filing of a Response in Opposition to the defendants' pending summary judgment motion, the plaintiff was provided with a detailed Second Order of Instructions (DE# 34), informing him of his right to respond, and giving explicit instruction regarding the

4

requirements under Fed.R.Civ.P. 56 for a proper response to such a motion.[3]

The plaintiff, like countless other *pro se* inmates who bring suit in federal Courts under §1983, is required to prosecute his claims, and comply with Court Orders, as was explained in the initial Order of Instructions (DE# 6).

The plaintiff Underwood has had ample opportunity in which to conduct pretrial proceedings,[4] and has already been afforded time in which to respond in opposition to the defendants' summary judgment motion (DE# 32) which was filed on December 11, 2007. The case cannot be permitted to languish on the docket.

It is further noted, however, that the matter of the stay which defendants requested and then sought to have lifted was not resolved until January 29, 2008.

It does not appear that imposition of an indefinite stay, this time based upon plaintiff's motion [DE# 37], is necessary or appropriate under the circumstances of this case.

In conjunction with entry of this Report, a separate Order has therefore been entered instructing the plaintiff that if he intends

---

[3] The plaintiff also has argued that he has appealed from his state criminal convictions and/or has moved for a new trial, and argues that there were evidentiary defects in his state criminal trial (i.e. that the jury was not allowed to consider certain unidentified Public Records). These appear to be arguments by the plaintiff that his convictions are constitutionally infirm. Such arguments would appear to lend support to defendants' asserted defense that plaintiff's §1983 claims are Heck barred. (In Heck, the Supreme Court held that if a judgment in favor of a state prisoner seeking damages in a §1983 suit would necessarily imply the invalidity of his or her conviction or sentence, the claim for damages is not cognizable under §1983 and the complaint must be dismissed, because the claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Heck, supra, 512 U.S. at 486-87).

[4] The complaint was filed in March 2007; in excess of 8 months have passed since the Pretrial Scheduling Order (DE# 25) was entered; and it is more than 5 months since his judgment of conviction in Martin County Case 06-01870.

to Respond in opposition to defendants' pending motion for summary judgment (DE# 32), he must do so by tendering his response to Prison Officials for mailing on or before March 20, 2008, and in doing so should shall refer to the requirements outlined in the Second Order of Instructions (DE# 34).

It is therefore recommended that: 1) the plaintiff's motion (DE# 37) for an indefinite stay of proceedings, be DENIED; and 2) the case be allowed to proceed for consideration of the claims asserted by the plaintiff, and of the defenses asserted by the defendants in their pending motion for summary judgment.

If, however, the Court determines that the plaintiff's motion DE# 37 should be granted, and that an indefinite stay is required, it is then recommended in the alternative that defendants' pending motion for summary judgment be dismissed, without prejudice to renew, so that it does not languish as a pending motion on the docket.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: February 28th, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Daryl Underwood, Pro Se
    DC# K70825
    Washington Correctional Institution
    4455 Sam Mitchell Drive
    Chipley, FL 32428

    Adriana Mihaela Jisa, Esquire
    Purdy, Jolly, Giuffreda & Barranco, P.A.
    2455 E. Sunrise Boulevard, Suite 1216
    Fort Lauderdale, FL 33304

    The Honorable Donald L. Graham,
        United States District Judge